IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REBECCA SANTORELLI,

     Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

     Defendant.

Civil Action No. 3:20-cv-1671

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Rebecca Santorelli, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the District of Connecticut pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.      Plaintiff, Rebecca Santorelli, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Altamont, NY 12009.

5.      Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108.

6.      Defendant Hartford is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GLT402924 held by Amtrust Financial Services, Inc.

## FACTS

7.      Plaintiff was employed by Amtrust Financial, Inc. as a Product Manager until May 24, 2019.

8.      By virtue of her employment, Plaintiff was enrolled in the Group Long Term Disability Plan for employees of Amtrust Financial, Inc., which is an ERISA employee welfare benefit plan (the "Plan").

9.      Benefits under the Plan are insured by Hartford under Group Long Term Disability Policy No. GLT402924, issued by Hartford to Amtrust Financial, Inc.

10.     Plaintiff is a participant or beneficiary of the Plan.

11.     Plaintiff ceased active work due to a disability related to her medical conditions, including Granulomatosis with Polyangiitis (formerly known as Wegener's disease) with

multisystem involvement, acute mucoid otitis, sinusitis, vasculitis (ANCA), and neuropathy on May 24, 2019, while covered under the Plan.

12.     Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13.     Plaintiff filed an application for STD and LTD benefits under the Plan on or around September 10, 2019 and was approved by Hartford for STD benefits on September 12, 2019. The same letter extended Plaintiff's STD benefits through November 20, 2019.

14.     At that time, Hartford supplied Plaintiff with information it required in order to process her claim for LTD benefits.

15.     On December 24, 2019 Hartford denied Plaintiff's claim for LTD benefits based on the report of a file reviewing physician who did not treat, speak to, or examine the Plaintiff.

16.     Plaintiff's counsel became involved on April 1, 2020.

17.     Plaintiff's counsel assisted Plaintiff in filing a timely appeal on June 15, 2020.

18.     That appeal consisted of large amounts of medical records, a letter from Dr. Khoa Ngo, a medical opinion form from Dr. Ngo, and a sworn statement from Dr. Ngo all of which supported Plaintiff's claim for disability benefits.

19.     Plaintiff also submitted a Functional Capacity Examination ("FCE") report dated April 7, 2020 finding that Plaintiff can only tolerate three hours of sitting a day and two hours of standing.

20.     Hartford hired a second file reviewing physician, Dr. Kretzmann, who completed a report on July 10, 2020, opining that the Plaintiff could work 40-hours per week with, among others, the following restrictions: stand up to 15 minutes at a time and up to 1 hour per day, walk up to 15 minutes at a time and up to 1 hour per day, and sit unrestricted.

21.     Plaintiff's counsel responded to the Hartford's file review by providing Hartford with letters from Mr. Pribila, the FCE provider, and Dr. Ngo explaining why the file reviewing physician's outcome was not in line with the evidence already provided, which included objective test results.

22.     Mr. Pribila's letter explicitly stated that Plaintiff could only manage 3 hours of sitting tolerance a day based on his objective measures from April 7, 2020.

23.     Hartford obtained an addendum file review report on August 13, 2020.

24.     The addendum briefly, and incorrectly, summarized Mr. Pribila's and Dr. Ngo's letters and stated that the additional documentation changed Dr. Kretzmann's assessment.

25.     The only change Dr. Kretzmann made to his report was to state that he now believed that Plaintiff could sit for up to 3 hours at a time and up to 6 hours per day, up from no restrictions on sitting.

26.     In response, Plaintiff's counsel explained to Tammy Kaufman, the Appeals Specialist, that while Dr. Kretzmann's addendum appeared to give full credit to the evidence in the case, his opinion continued to be inapposite against the weight of the evidence.

27.     Hartford failed to obtain any further explanation from Dr. Kretzmann as to why his opinion did not align with the valid FCE findings and denied Plaintiff's appeal four days later.

28.     The Plan does not contain an appropriate grant of discretion to the insurer and therefore *de novo* review applies.

29.     Because Hartford failed to comply with its duties under the ERISA regulations, this claim should be determined under a *de novo* standard of review.

30.     Hartford would pay any benefits due out of its own funds.

31.     Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

32.     Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

33.     Hartford allowed its concern over its own funds to influence its decision-making.

34.     Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

35.     Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

36.     Plaintiff is disabled and entitled to benefits under the terms of the Plan.

37.     Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

38.     The decisions to deny benefits were wrong under the terms of the Plan.

39.     The decisions to deny benefits and decision-making processes were arbitrary and capricious.

40.     The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

41.     The decisions to deny benefits were not supported by substantial evidence in the record.

42.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

43.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.     Prejudgment and postjudgment interest;

4.     An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5.     Plaintiff's reasonable attorney fees and costs; and

6.     Such other relief as this court deems just and proper.

Dated this 5th day of November, 2020.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:    */s Hudson T. Ellis*
        Hudson T. Ellis (Bar No. CT16708)
        414 McCallie Avenue
        Chattanooga, TN 37402
        (423) 634-2506
        FAX:  (423) 634-2505
        ellish@buchanandisability.com